PER CURIAM.
The appellant was convicted of five counts of capital sexual battery. He now challenges the trial court’s summary denial of his motion for post-conviction relief in which he asserted various claims of ineffective assistance of counsel. We affirm the summary denial of the appellant’s motion and write to discuss one of his claims.
The appellant argues that his counsel was ineffective for failing to object to expert testimony regarding the “pedophile profile.” The trial court determined that counsel’s performance was not deficient because the testimony was properly admitted “for the purpose of juror understanding.” The supreme court has recently held that pedophile profile testimony is not admissible as substantive evidence or as background information. Flanagan v. State, 625 So.2d 827 (Fla.1993). Thus, the profile testimony in this case would have been inadmissible under today’s case law. However, in 1990 when the appellant’s case was tried, no appellate court had ruled on the admissibility of pedophile testimony, and indeed, in 1991 in Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991) (en banc), approved in part, 625 So.2d 827 (Fla.1993), disapproved in part by State v. Jones, 625 So.2d 821 (Fla.1993), five of the eleven judges sitting on the case indicated that such testimony was admissible as background information to promote juror understanding. Under these circumstances, we cannot conclude that failure to object to this testimony was unreasonable. See e.g. Cox v. State, 407 So.2d 633 (Fla. 3d DCA 1981).
AFFIRMED.
BOOTH and ALLEN, JJ., concur.
BENTON, J., concurs in result.